FILED
SUPERIOR COURT
OF GUAM

2018 MAY 15 PM 1:53

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0486-15 |
| Plaintiff, | **DECISION AND ORDER** |
| vs. | |
| ELI CHARFAUROS QUINTANILLA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 2, 2018, for hearing on Defendant Eli Charfauros Quintanilla's ("Defendant") second Motion to Suppress Evidence and Dismiss. Defendant was present with counsel, Assistant Alternate Public Defender James N. Spivey, Jr., and Assistant Attorney General James C. Collins was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On August 13, 2015, Defendant and co-defendants Joey Alan Salas ("Salas") and Julius Ike Nedlic ("Nedlic") were each indicted with the charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). (Indictment, Aug. 12, 2015). These charges stem from the discovery of drugs and drug paraphernalia after a search of Nedlic's person and a vehicle occupied by all three defendants in the parking lot of a lounge in Tamuning. Both Salas

---

*People v. Quintanilla*
Case No.CF0486-15
Decision and Order

and Nedlic have since entered into Deferred Plea Agreements with the Government. *See* Salas Deferred Plea Agreement, Apr. 1, 2016; Nedlic Deferred Plea Agreement, Jun. 28, 2016. On November 18, 2015 a Warrant of Arrest was issued for Defendant, and he remained on warrant status until his Return of Warrant on September 28, 2017.

On December 5, 2017, Defendant asserted his right to speedy trial.

On January 16, 2018, Defendant filed the first Motion to Suppress Evidence and Dismiss. On January 29, 2018, the Government filed its Opposition.

On February 1, 2018, at the calendared Motion to Suppress Hearing, Defendant was not present, and the matter was continued to February 8, 2018, in light of a 5th Violation Report filed by Probation and Defendant also being in asserted status in Criminal Case No. CF0544-17, which was set to go to trial.

On February 8, 2018, at the Status Hearing, Defendant was not present again, and a Warrant of Arrest had been issued in his other criminal case. A Bench Warrant was subsequently issued in this matter as well. *See* Bench Warrant, Feb. 9, 2018.

After Defendant's Return of Warrant on March 19, 2018, counsel for Defendant requested that the Motion to Suppress be held in abeyance pending Defendant's asserted trial in CF0544-17, and the Court set a motion hearing for April 12, 2018.

On April 12, 2018, the Court heard brief oral arguments and subsequently denied the Motion to Suppress from the bench. Jury Selection and Trial was set to commence on April 26, 2018 at 1:30 p.m.

On April 26, 2018, immediately before the commencement of jury selection, Defendant brought before the Court potential constitutional issues that were not previously addressed in the Motion to Suppress filed on January 16, 2018. Defendant orally moved to suppress evidence seized from the vehicle based on Fourth Amendment violations, and the Court directed Defendant to file a written motion immediately thereafter.

On April 30, 2018, Defendant filed a second Motion to Suppress Evidence and Dismiss, memorializing the oral motion given in court on April 26, 2018.

On May 1, 2018, the Government filed its Opposition.

*People v. Quintanilla*
Case No.CF0486-15
Decision and Order

On May 2, 2018, the Court heard sworn testimony from co-defendant Nedlic and Guam Police Department Officer Eric Asanoma ("Officer Asanoma"), and brief arguments on the motion. The Court then directed the parties to submit proposed findings of fact and conclusions of law, and indicated that it would place the matter under advisement upon receipt.

On May 4, 2018, the Government filed its Proposed Findings of Fact and Conclusions of Law re: Second Motion to Suppress and Dismiss, and on May 8, 2018, Defendant filed his proposed Findings of Fact and Conclusions of Law.

## DISCUSSION

Defendant moves the Court to suppress the glass pipe seized from the vehicle because the officers conducted a warrantless search, not subject to any exception. *See generally*, Second Mot. Suppress, Apr. 30, 2018. The Government opposes, arguing that the search was valid pursuant to the vehicle exception or, alternatively, consent of the driver to search the vehicle. *See generally*, Opp'n, May 1, 2018.

At the Suppression Hearing, Nedlic admitted that on the evening in question, he and Defendant had been smoking "ice" and cigarettes in a parked vehicle in front of a bar in Tamuning or Tumon. Nedlic testified that he and Defendant had been using a glass pipe to smoke ice, but could not recall which one of them had provided the ice. Nedlic testified that he was sitting in the driver's seat of the vehicle.

Nedlic testified that officers approached the vehicle, and asked if the occupants were using drugs and if they were "faggots." Nedlic testified that he, Salas, and Defendant exited the vehicle, and that the police searched his person. Nedlic confirmed that the officer searching him located baggies with residue in his possession. Nedlic testified that the officers requested permission to search the vehicle, but that he did not grant it, saying that the car belonged to Defendant who would have to give permission. Nedlic was confronted by his own written statement to the police indicating that he did give consent to Officer Asanoma to search the vehicle. Nedlic also denied being advised of his Miranda rights, but was confronted with a written GPD Miranda form, which he signed, indicating that he understood his constitutional rights. Nedlic testified that he felt intimidated or bullied by the police, and that he was

*People v. Quintanilla*
Case No.CF0486-15
Decision and Order

pressured to write a written statement which contradicted his testimony. Nedlic indicated that he could not remember everything that happened that night because he was under the influence of ice.

Officer Asanoma testified that he and his partner approached the vehicle in question in the parking lot, and asked the occupants why they were there, as it seemed suspicious that they were parked far away in the lot. Officer Asanoma testified that the occupants all gave contradictory answers as to why they were there and that they appeared to display physical indicators of intoxication. Officer Asanoma testified that Nedlic was in the driver's seat, and that he and the other vehicle occupants exited the vehicle. Officer Asanoma testified that he asked Nedlic for permission to search his person, which Nedlic granted. Officer Asanoma located drug paraphernalia with drug residue. After this discovery, Officer Asanoma testified he asked Nedlic for consent to search the vehicle, to which Nedlic agreed to, and additional drug evidence was found within.

The Fourth Amendment to the U.S. Constitution guarantees "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It is made applicable to Guam via section 1421(b)(c) of the Organic Act of Guam. *People v. Chargualaf*, 2001 Guam 1 ¶ 4. The "mandate of the Fourth Amendment requires adherence to judicial process, and searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject to only a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (internal citation and alterations omitted). Among the exceptions to the warrant requirement are a search incident to lawful arrest when it is reasonable to believe the vehicle contains evidence of the offense of arrest, *Arizona v. Gant*, 556 U.S. 332 (2009), and valid consent, *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973).

In *Gant,* the Supreme Court concluded "that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Gant*, 556 U.S. at 343 (internal quotation marks and citation omitted). "In many cases, as when a recent occupant is arrested for a traffic

violation, there will be no reasonable basis to believe the vehicle contains relevant evidence. But in others, . . . the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Id.* at 343-44.

The Court finds that the likelihood of discovering offense-related evidence authorized the search in this case. Both Nedlic and Officer Asanoma testified that once Nedlic had exited the vehicle, his person was subjected to a search and drug items were located. The discovery of the drugs would have provided a basis for Officer Asanoma to search the vehicle for relevant evidence, incident to Nedlic's impending arrest for those items pursuant to *Gant*, 556 U.S. 332 (2009). Although Defendant also argues that the validity of the search of Nedlic's person was improper under the Fourth Amendment, he cannot bring forward a violation of Nedlic's Fourth Amendment rights as they are personally held. *See United States v. Salvucci*, 448 U.S. 83 (1980) ("Today we hold that defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated."); *Rakas v. Illinois*, 439 U.S. 128, 138-39 (1978) (The "rights assured by the Fourth Amendment are personal rights which may be enforced by exclusion of evidence only at the instance of one whose protection was infringed by the search and seizure."). Additionally, at the Motion Hearing, counsel for Defendant acknowledged that any search of the vehicle conducted subsequent to the initial discovery of drugs in Nedlic's possession would be valid, if the search of Nedlic's person was also valid.

The Court also finds that the search was valid based on Nedlic's consent, as driver of the vehicle, to Officer Asanoma to search the vehicle. "[A] driver of a vehicle has the authority to consent to a search of that vehicle. As the driver, he is the person having immediate possession of and control over the vehicle." *United States v. Morales*, 861 F.2d 396, 399 (3d Cir. 1988) (citing *United States v. Matlock*, 415 U.S. 164 (1974). Further, a vehicle owner's "silence during [the officer's] inspection of the car is material in assessing [the driver's] authority." *Id.* at 399-400 (citations omitted).

Although the testimony given by Nedlic and Officer Asanoma directly contradicted each other as to whether or not consent was given, the Court finds Officer Asanoma's testimony to be

more credible in this regard than Nedlic's. Defendant moves the Court to find Nedlic's testimony more credible, based on "Nedlic's claim that the officer asked if they were '. . . all a bunch of faggots.'" (Def. Proposed FFCL at 3, May 8, 2018). However, the Court notes that Nedlic testified that his recollection of the events on the night in question was incomplete and that he could not remember everything because he was under the influence of ice. Additionally, as the Government points out, Nedlic entered into a deferred plea of guilty in this matter, and did not previously attempt to bring any asserted violation of his own rights, which suggests that "any such information was either never presented to his attorney, or that the attorney involved deemed Nedlic's assertions insufficiently credible to constitute a valid basis to bring such a motion. It can also fairly be said that Nedlic may harbor animus towards the officers who arrested him (and perhaps law enforcement in general) on the basis of the consequences he has suffered from this arrest and subsequent prosecution." (Gov't Proposed FFCL at 5, May 4, 2018). Therefore, the Court finds that Defendant's constitutional rights were not violated in this matter, and denies the second Motion to Suppress.

CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's second Motion to Suppress. Jury Selection and Trial shall commence on _May 17, 2018_ at 1:30 p.m.

**IT IS SO ORDERED** this _15th_ day of May, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: AG & APD

Date: 5/15/18  Time: 3pm
Jerry T. G_____
Deputy Clerk, Superior Court of Guam

*People v. Quintanilla*
Case No.CF0486-15
Decision and Order